IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES RAY BAKER<br>    ID # 1608922,<br>        Petitioner,<br>vs.<br><br>RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:11-CV-0326-P-BH<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for felony DWI. The respondent is Rick Thaler, Director of TDCJ-CID.

On July 23, 2009, petitioner was indicted in Johnson County for driving while intoxicated on or about May 29, 2009. The indictment contained three DWI enhancement paragraphs and two felony enhancement paragraphs. (State Habeas Transcript[WR-74,060-01] "S.H.Tr.I" at 5-6). On October 23, 2009, petitioner pled guilty to felony DWI, pled true to one of the felony enhancement paragraphs in Cause No. F43766, and was sentenced to sixteen years imprisonment. (S.H.Tr.I:7-11). He initially appealed his conviction but later moved to dismiss his appeal, and the Eleventh District

1

Court of Appeals dismissed it on November 18, 2010. *See Baker v. State*, 2010 WL 4679846 (Tex. App.–Eastland Nov. 18, 2010).

Petitioner filed his first state habeas application challenging his conviction on May 17, 2010. (S.H.Tr.I:37). It was denied without written order by the Texas Court of Criminal Appeals on June 23, 2010. *Id*. at cover. Petitioner filed a second state writ application on September 15, 2010, that was dismissed by the Court of Criminal Appeals as a subsequent application on October 27, 2010. (S.H.Tr.[WR-74,060-02] "S.H.Tr.II":cover, 37).

In his January 12, 2011 federal petition, Petitioner claims that he has been denied his due process rights because the merits of his second state habeas application were not considered by the Court of Criminal Appeals, and that his sentence is illegal because it exceeds the statutory limit under the plea agreement and the admonitions. (Pet. at 7). He raised his second ground for relief in his second state habeas application. Respondent filed an original response on May 25, 2011, and an amended response on May 26, 2011. No reply brief has been filed.

## II. COGNIZABILITY

In his first ground for relief, petitioner asserts that his due process rights were violated when the Court of Criminal Appeals failed to consider his second state writ on its merits and instead dismissed it on procedural grounds.

This claim is not cognizable under 28 U.S.C. § 2254. Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The courts entertain federal petitions under § 2254 "only on the ground" that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."

2

*See* 28 U.S.C. § 2254(a). Courts cannot grant habeas corpus relief to correct alleged errors in state habeas proceedings. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors); *see also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999) ("[E]rrors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief."); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("infirmities in state habeas [and other post-conviction] proceedings do not constitute grounds for relief in federal court."). Petitioner's challenges to the state post-conviction proceedings attack proceedings collateral to his detention, not his detention itself. Accordingly, this claim entitles him to no habeas relief.

### III. PROCEDURAL BAR

In his second ground for relief, Petitioner asserts that his sentence is illegal because it exceeds the statutory limit under the plea agreement and the admonitions he was given.

This ground was raised at the state level in his second state habeas applications that was dismissed by the Court of Criminal Appeals as subsequent writ under Article 11.07 § 4 of the Texas Code of Criminal Procedure. This article prohibits a claim from being raised in a subsequent habeas application unless: 1) it was not, and could not, have been raised in the previous application because the factual or legal basis was unavailable at the time; or 2) the claim contains sufficient facts establishing by a preponderance of the evidence that but for a violation of the United States Constitution, no rational juror would have found petitioner guilty beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art 11.07 § 4(a) (Vernon 2007).

In general, federal courts may not review a state court decision that rests on an adequate and independent state procedural default unless the habeas petitioner can establish either "cause" for the

default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *See id.*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

Petitioner alleges that he did not raise this claim in his first state writ because it was based on new evidence; his mother discovered a discrepancy between the plea agreement, the admonitions, and the indictment after she obtained the court records from the county clerk. (Pet. at 13-14). The Supreme Court has held that cause is shown for procedural default only where a petitioner can show that some objective external factor impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner has not shown any external factor that prevented him from raising this claim in his first state writ, as the records from his case were always available to him. While he claims he did not understand the significance of using due diligence to discover potential claims because he is not a jurist, ignorance of the law is insufficient to establish cause to overcome procedural default. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993); *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992).

Petitioner has also not shown that a fundamental miscarriage of justice will occur if this claim is not considered. He appears to claim that the indictment, as amended by the parties at the time of his plea pursuant to his plea bargain, does not properly reflect the charge for which he was sentenced and his sentence was therefore too high. The record from the plea hearing, petitioner's signed plea agreement, and his signed admonitions make clear that in exchange for his plea to a felony DWI, enhanced by a prior felony, the State recommended that he be sentenced to sixteen

4

years. Otherwise, he would have been subject to the range for a first-degree felony enhanced by two prior felonies as was originally charged in the indictment, which was twenty-five years to ninety-nine years or life. (S.H.Tr.I:5-10,17-24). During the plea hearing, petitioner stated that he was pleading guilty to DWI and true to a felony enhancement paragraph and that he understood that he was being sentenced to sixteen years. *Id*. at 25-29. He also signed admonitions stating that the range of punishment for this offense was two to twenty years, the range for a second-degree felony. *Id*. at 7-8. Petitioner has not shown any fundamental miscarriage of justice because he has not shown that his sentence was illegal. In return for pleading guilty, he received a lower sentence than he was eligible to receive based on the indictment. Accordingly, his second ground for relief is procedurally barred.

## IV. RECOMMENDATION

The petition should be **DENIED** with prejudice because petitioner's first ground for relief is not cognizable on federal habeas review and his second ground for relief is procedurally barred.

**SO RECOMMENDED on this 11th day of July, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE